UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NOSAKHARE ONUMONU,

      Petitioner,

v.                                CASE NO. 1:08-CV-219

BLAINE C. LAFLER,             HON. ROBERT HOLMES BELL

      Respondent.

_____/


## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Nosakhare Onumonu's petition

under 28 U.S.C. § 2254 for a writ of habeas corpus. On October 16, 2009, Magistrate Judge

Joseph G. Scoville issued a report and recommendation ("R&R") recommending that this

petition be denied. (Dkt. No. 29.) Petitioner filed objections to the R&R on October 30,

2009. (Dkt. No. 30.) This Court is required to review de novo those portions of the R&R

to which specific objection has been made, and may accept, reject, or modify any or all of

the Magistrate Judge's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b). Only specific objections are entitled to de novo review; vague and conclusory

objections amount to a complete failure to object as they are not sufficient to pinpoint those

portions of the R&R that are legitimately in contention. *Mira v. Marshall*, 806 F.2d 636, 637

(6th Cir. 1986) (per curiam).

Petitioner's habeas corpus petition raises five grounds for relief: (1) a Sixth Amendment violation resulting from the trial court's failure to "hold a formal colloquy" to allow Petitioner to express his dissatisfaction with his appointed counsel; (2) a due process violation resulting from the trial court's refusal to allow trial counsel to withdraw; (3) the denial of effective assistance of counsel resulting from trial counsel's failure to sufficiently argue for withdrawal; (4) the denial of effective assistance of counsel resulting from trial counsel's failure to move for a mistrial based on the introduction of prejudicial evidence; and (5) the denial of effective assistance of counsel resulting from appellate counsel's failure to raise grounds (1) and (3) above on appeal. (Dkt. No. 5.)

The R&R recommends that each claim be denied. Petitioner does not object to the recommendation that claim (5) be denied. Petitioner objects to the recommendation that claims (3) and (4) be denied only by asserting that he "will rely soly on petitioners reply to respondent answer to petition for Writ Of Habeas Corpus. For this issue." (Dkt. No. 30, Petitioner's Objections 5 (errors in original).) This vague and general objection is not sufficient to allow the Court to pinpoint the issues that are legitimately in dispute, and it is therefore not entitled to de novo review. *See Mira*, 806 F.2d at 637. The Court has reviewed the R&R's analyses and recommendations relating to claims (3), (4), and (5), and has determined that they are correct.

Petitioner specifically objects to the Magistrate Judge's determinations that no Sixth Amendment violation resulted from the trial court's failure to "hold a formal colloquy" to

allow Petitioner to express his dissatisfaction with appointed counsel, that no due process violation resulted from the trial court's refusal to allow Petitioner's counsel to withdraw, and that this Court is not required to hold a hearing to allow Petitioner to more fully develop the factual basis for his dissatisfaction with his attorney. The Court agrees with the Magistrate Judge in all respects.

As noted by the Magistrate Judge:

> The Sixth Amendment provides a criminal defendant with the right to have the "Assistance of Counsel" for his defense. One element of that right is the right to have counsel of one's choice. However, the right to counsel of choice is not without limits. The right to counsel of choice does not extend to defendants who require counsel to be appointed for them. An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate "good cause" to warrant substitution of counsel. Thus, where a court is faced with a defendant's request to effect a change in his representation by way of a motion to substitute counsel, the court must determine whether there is good cause for the substitution by balancing the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice.

(Dkt. No., 29, R&R at 19 (internal citations and quotation marks omitted).)

Nowhere in Petitioner's brief in support of his habeas corpus petition, response to the government's answer, or objections to the R&R does he allege "good cause" in support of this request to substitute trial counsel. Petitioner claims that there was "a complete breakdown in communication" (Dkt. No. 27, Petitioner's Resp. 8) and that his counsel had animosity for him stemming from a prior representation. (Dkt. No. 2, Petitioner's Br. 11.)

However, Petitioner's counsel repeatedly represented to the trial court that he had "no objection to continuing with [his] representation" of Petitioner. (Dkt. No. 29, R&R at 2.) In addition, Petitioner sought a substitution of counsel only a short time prior to the start of his trial, after Petitioner's counsel had undergone significant preparation, and in denying Petitioner's request the trial judge noted that "[w]e don't have anybody who can come here and conduct the trial." (Dkt. No. 29, R&R 4.) To the extent Petitioner claims he was not able to present his "good cause" to the trial judge because the trial judge did not let him speak in open court, the Court expects that if Petitioner did in fact have such "good cause," he would present it in connection with this habeas proceeding. Unsupported allegations of a "breakdown in communication" and Petitioner's belief that his counsel had animosity toward him are not sufficient to outweigh the considerations of judicial efficiency in this case. *See United States v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996). Petitioner also requests an evidentiary hearing to allow him to explain to this Court his dissatisfaction with his trial counsel, but Petitioner does not inform the Court of what he would allege or show at the hearing or give the Court any other basis to conclude that Petitioner had "good cause" to support his request for replacement of his trial counsel. Thus, as the Magistrate Judge properly concludes, no Sixth Amendment violation resulted from the trial court's failure to "hold a formal colloquy" to allow Petitioner to express his dissatisfaction with appointed counsel, no due process violation resulted from the trial court's refusal to allow Petitioner's counsel to withdraw, and this Court is not required to hold a hearing to allow Petitioner to

4

more fully develop the factual basis for his dissatisfaction with his attorney.

Pursuant to 28 U.S.C. § 2253, the Court must also determine whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate should issue. *Id.* Upon review of each claim, the Court does not believe that a reasonable jurist would find the Court's assessment of Petitioner's claims to be debatable or wrong.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (Dkt. No. 30) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (Dkt. No. 29) is **APPROVED** and, combined with the discussion set forth herein, **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's amended petition for a writ of habeas corpus (Dkt. No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

DATED:   July 31, 2010          /s/ Robert Holmes Bell
                               ROBERT HOLMES BELL
                               UNITED STATES DISTRICT JUDGE